**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

John M. Kelly
Plaintiff,

Civil Action Number 06-3970 (AET)

v.

Moser, Patterson, and Sheridan, LLP
Moser IP Law Group
1040 Broad Street, 2nd Floor
Shrewsbury, New Jersey 07702

Parties

Plaintiff:
John M. Kelly
18 Oak Street
Salem, New Jersey 0807

Defendant:
The Law Firm of Moser, Patterson, and Sheridan LLP
595 Shrewsbury Avenue
Suite 100
Shrewsbury, New Jersey 07702

*

Plaintiff Demands a Jury Trial

*

COMPLAINT TO THE HONORABLE COURT:

NOW COMES plaintiff, John M. Kelly, who alleges and prays as follows:

**I. JURISDICTION**

1. This Court has jurisdiction in this case pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 81 Stat. 602, as amended, 29 U.S.C. §§621-634, as it involves a matter arising under the Constitution, and laws of the United States. This Court has pendent jurisdiction over the related state law claims set forth herein under 28 U.S.C. § 1367 (2001).

2. This is a discrimination case involving wrongful termination in which I claim that the Law Firm of Moser, Patterson, and Sheridan, its partners, principles and shareholders (including James Sheridan of California, Raymond Moser of New Jersey, and Todd Patterson of Texas), wrongfully terminated me because of my age under either or both disparate impact or disparate treatment theories under either or both Federal and New Jersey statutes; wrongfully discharged me for my exercising of established legal rights and contrary to a clear mandate of public policy; wrongfully discharged me in breach of an implied contract of employment; and/or for intentionally inflicting extreme emotional distress on me.

3. I have attempted and I continue to attempt to mitigate damages by actively seeking new legal employment.

4. My Federal age discrimination claim against Defendants is made pursuant to the Age Discrimination in Employment Act (hereafter "ADEA"), Title 29 U.S.C. Section §§ 621, et seq., as amended.

5. My New Jersey state law claim of age discrimination against Defendants are made pursuant to the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5--1 et seq., see, for example, *Bergen Commercial Bank v. Sisler*, 157 N.J. 188 (1999).

6. My claim of wrongful discharge for exercising established rights is made under New Jersey public policy as established by *Pierce v. OrthoPharmaceuticals Corp.* 84 N.J. 58, 72, 417 A.2d 505, 512 (N.J. 1980).

7. My claim of wrongful discharge for violating an implied contract of employment is made under the doctrine(s) of *Woolley v. Hoffmann-La Roche.*, 99N.J. 284, modified, 101 N.J. 10 (1985), *Mita v. Chubb Computer Services, Inc.*, 337 N.J. Super. 517 (App. Div. 2001), as well as from reasonable expectations derived from the actions of defendants.

8. I assert a claim of wrongful discharge based on breach of an implied Covenant of Good Faith and Fair Dealings.

9. As defendants' conduct is "especially egregious," and as all claims relate to wrongful conduct on the part of upper management, I assert a right to punitive damages, see *Rendine v. Pantzer*, 141 N.J. 292, 313-14 (1995); *Cavuoti v. New Jersey Transit Corp.*, 161 N.J. 107, 128-29 (1999), see the Punitive Damages Act, N.J.S.A. 2A:15-5.9, et seq., 8. All defendants are liable to me both joint and severally for all claims herein.

10. On September 6, 2005, I filed a claim for discrimination on the basis of age with the New Jersey Office of the Equal Opportunity Commission, that claim became Charge Number 171-2005-01508. (See Exhibit 1.)

11. On or about May 26, 2006 the Anti-Discrimination Unit of the above-mentioned federal agency issued a right to sue. (See Exhibit 2.).

12. The complaint in this action was filed in this Court within 90 days from the receipt of the Notice of Right to Sue.

13. As both the cause of action and the location of the Defendants are Shrewsbury, New Jersey, a proper venue for this action is the Federal District Court of New Jersey.

14. I have complied with all threshold requirements on all claims.

**II. Parties**

15. I am a male resident of the State of New Jersey who was born on February 26, 1952.

16. At the time I was discharged, November 29, 2004, Moser, Patterson, and Sheridan LLP was a law firm with offices in Shrewsbury, New Jersey; Palo Alto, California; and Houston, Texas. That firm has now split into two law firms, Patterson and Sheridan, LLP and the Moser IP Law Group At the time I was discharged the partners in the firm included, among others, Raymond R. Moser (Shrewsbury, New Jersey), Gero G. McClellan (Houston Texas), B. Todd Patterson (Houston Texas), W. Bruce Patterson (Houston Texas), James A. Sheridan (Palo Alto, California), Kin-Wah Tong (Shrewsbury, New Jersey), Donald Verplancken (Palo Alto, California), and Eamon J. Wall (Shrewsbury, New Jersey). Other unknown partners, referred to herein as John and Jane Doe, are believed to exist.

17. On November 29, 2004 I was terminated by Moser, Patterson, and Sheridan, LLP from my position as an Of Counsel attorney working in the Shrewsbury office. At the time of discharge I was 52 years of age.

# CAUSES OF ACTION

**III. Claim for relief based on the Federal Age Discrimination act**

18. I reallege paragraphs 1 through 17 hereof which are incorporated hereto and adopted in this first cause of action, as if fully set forth herein.

19. Defendants are "employers" as defined by the Age Discrimination in Employment Act (ADEA) of 1967, as amended. Defendants are required to take affirmative action to ensure that all employment decisions are made in a nondiscriminatory manner.

20. Defendants' terminated me because of my age, which placed me under extreme duress. Such act constitutes unlawful and discriminatory deprivation of my employment rights because of age.

21. Defendants discriminatory treatment were expressed and willful and part of a concerted plan to deprive me of employment.

22. Defendants discriminatory and illegal actions have severely limited my employment opportunities.

23. I am entitled to receive compensation consisting of pay and allowances commencing from the date of my firing or as of my filing an EEOC claim.

24. Defendants' conduct by and through its agents and servants, Mr. Raymond R. Moser, Eamon Wall, and James Patterson, constitutes a willful violation of law, inasmuch as the employment decisions concerning my firing were based in whole or in part on my age.

25. I am entitled the standards for liability and liquidated damages under the Age Discrimination in Employment Act of 1967 (ADEA), 81 Stat. 602, as amended, 29 U.S.C. 621 et seq. 29 U.S.C. §§621-634.

**IV. Claim for relief based on the New Jersey Law Against Discrimination ("NJLAD" or "LAD"), N.J.S.A. 10:5-1 to -42, N.J.S.A. 10:5-12; 10:5-4.1.**

26. I reallege paragraphs 1 through 25 hereof which are incorporated hereto and adopted in this cause of action, as if fully set forth herein.

27. Defendants are "employers" under New Jersey law. As such defendants were required to take affirmative action to ensure that all employment decisions are made in a nondiscriminatory manner.

28. At the time of discharge I was 52 years of age, as such under New Jersey Law I was a member of a protected class.

29. At the time of discharge I was registered to practice patent law by the United States Patent and Trademark Office (registration number 33,920), I was actively licensed to practice law in Washington, DC, and I was inactive in Washington State, California, and Minnesota. I had been practicing patent law since 1989. I was well qualified for the position at issue.

30. During my time at Moser, Patterson, and Sheridan I had received numerous laudatory comments on my work from partners, specifically including Raymond R. Moser and James Sheridan. I had been personally asked to handle matters for a major California client and I traveled to California on many occasions. Despite being highly qualified and despite a successful job performance I was subjected to an adverse employment decision based on age.

31. On information and belief after the adverse decision Moser Patterson, and Sheridan sought and hired persons with similar qualifications.

32. On several occasions Moser Patterson, and Sheridan had sought to place me on a percentage of billing plan wherein I would receive a percentage of billing instead of a flat salary. Because of a divorce judgment I could not agree to that plan. That plan was highly beneficial to Moser Patterson, and Sheridan when paying older workers because the older worker assumed the financial risk of non-payment or underpayment of work being performed. As I could not take on that risk Moser Patterson, and Sheridan terminated my employment.

33. Defendants' conduct by and through its agents and servants, Mr. Raymond R. Moser, Eamon Wall, and James Patterson, constitutes a willful violation of law, inasmuch as the employment decisions concerning my firing were based in whole or in part on my age.

34. I am entitled the standards for liability and liquidated damages under the New Jersey Law Against Discrimination ("NJLAD" or "LAD"), N.J.S.A. 10:5-1 to -42, N.J.S.A. 10:5-12; 10:5-4.1.

**V: Claim of Wrongful discharge in violation of public policy under *Pierce v. Ortho Pharmaceutical Corp.*, 84 N.J. 58, 72, 417 A.2d 505, 512 (N.J. 1980).**

35. I reallege paragraphs 1 through 23 hereof which are incorporated hereto and adopted in this cause of action, as if fully set forth herein.

36. Defendants are "employers" under New Jersey law.

37. In *Pierce v. Ortho Pharmaceuticals Corp., 84 N.J. 58, 72 (1980)*, the New Jersey Supreme Court recognized a cause of action protecting at-will employees who have been discharged in violation of **a clear mandate of public policy**.

38. Sources of public policy include legislation; administrative rules, regulations or decisions, and judicial decisions. The New Jersey Supreme Court has recognized that "federal law and policy can constitute New Jersey's clear mandate of public policy." *D'Agostino v. Johnson & Johnson, Inc.*, 628 A.2d 305, 312 (N.J. 1993).

39. An employee can prove a wrongful discharge retaliation claim by "showing that the retaliation is based on the employee's exercise of certain established rights, violating a clear mandate of public policy." *MacDougall v. Weichert*, 677 A.2d 162, 168 (N.J. 1996).

40. To establish a prima facie case of retaliation, I must show that (1) I engaged in protected activity, as set forth in N.J.S.A. 10:5-12(d); (2) that I was thereafter subjected to an adverse employment decision by his employer; and (3) establish a causal link between the two. *Velantzas v. Colgate-Palmolive Co.*, 109 N.J. 189, 193 n.1 (1990); *Drinkwater v. Union Carbide Corp.*, 904 F.2d 853 (3d Cir. 1990). Causation may be demonstrated by showing that plaintiff was subject to disparate treatment after engaging in protected activity, as compared to other co-workers who were similarly situated. see *Holland v. Jefferson National Life Ins. Co.*, 883 F.2d 1307 (7th Cir. 1989); *Jackson v. University of Pittsburgh*, 856 F.2d 230 (3d Cir. 1987); *Bennun v. Rutgers*, 737 F.Supp. 1393 (D.N.J. 1990); *Dixon v. Rutgers*, 110 N.J. 432 (1988).

41. I had previously instituted legal action to stop excessive garnishment under 15 USC 1671-73. Congress specifically stated that the provisions of 15 USC 1671-73 are necessary and proper under the commerce clause.

42. When I complained to Moser, Patterson, and Sheridan's accounting department about garnishment that exceeded that allowed by 15 USC 1671-73 I was told that there was nothing that Moser, Patterson, and Sheridan could do unless I obtained a court order.

43. I filed suit to stop excessive garnishment. On information and belief that suit angered Raymond R. Moser and other partners.

44. I was subsequently fired even though I out performed most other employees.

45. Defendants' conduct by and through its agents and servants, Mr. Raymond R. Moser, Eamon Wall, and James Patterson, constitutes a willful violation of law, inasmuch as the employment decisions concerning my firing were based in whole or in part on retaliation.

47. I am entitled the standards for liability and liquidated damages under *Pierce v. Ortho Pharmaceuticals Corp., 84 N.J. 58, 72 (1980)* and other New Jersey cases.

**VI Claim of Intentional Infliction of Emotional Distress.**

48. I reallege paragraphs 1 through 47 hereof which are incorporated hereto and adopted in this cause of action, as if fully set forth herein.

49. Defendants are "employers" under New Jersey law.

50. At the time I was discharged Moser, Patterson, and Sheridan was aware of the financial difficulty I had meeting the financial burden of a divorce. Despite knowing the consequences to me of termination, Moser, Patterson, and Sheridan terminated me without justification and/or as punishment for attempting to prevent excessive garnishment.

51. As I had not received any warning of an employment deficiency, as I had reason to believe that I was doing a very good job, and as Moser, Patterson, and Sheridan failed to cite any deficiency in my performance at the time of termination, their act of terminating my employment knowing the hardship I would suffer was extreme and outrageous.

52. Because I was terminated I was subjected to a contempt hearing, various enforcement actions by the Monroe County Child Support Division by the New York Department of Finance, and by the New York Division of Motor vehicles. Consequently I suffered extreme emotional distress.

53. Because of being terminated I was forced to survive on unemployment insurance, public assistance, and assistance from friends. Consequently I suffered even more emotional distress.

54. The upper management of Moser, Patterson, and Sheridan actively participated in inflicting emotional distress on me.

55. The conduct of the Defendants is especially egregious are as such are liable for punitive damages in accord with the principles of *Blume v. Denville Tp. Bd. of Educ.*, 334 N.J. Super. 13, 42 (App. Div. 2000).

**VII. Claim of Wrongful Discharge/Breach of Implied Contract**

56. At the time of my termination Moser, Patterson, and Sheridan had promulgated an Employee Handbook that established a contract between Moser, Patterson, and Sheridan and myself. That handbook was being sufficiently definite so as to create a reasonable expectation regarding the existence of enforceable employment obligations, see *Woolley v. Hoffmann-LaRoche, Inc.*, 99 N.J. 284, modified, 101 N.J. 10 (1985); *Mita v. Chubb Computer Services, Inc.*, 337 N.J. Super. 517 (App. Div. 2001). As I had brought two clients to the firm I had every reason to expect to be treated under an employment agreement.

57. My reasonable expectations lead me to believe that I would not be fired without cause.

58. I was subsequently fired without cause.

**VII. Right To a Jury Trial, Damages, and Special Remedies**

59. I have the right to a jury trial on all claims. Upon prevailing, I am entitled to all remedies available including costs, back pay, punitive damages, front pay, pain and humiliation damages, attorney fees and other affirmative and equitable relief. Specifically, under the New Jersey Law against discrimination there is no cap on damages.

60. I seek $2,000,000 for lost pay, $10,000,000 for punitive damages, and $2,000,000 for pain and humiliation. I also seek all other affirmative and equitable relief to which I may be entitled.

John M. Kelly

John M. Kelly

AO 240 (Rev. 9/96)

# United States District Court

______________________ DISTRICT OF ______________________

John M Kelly

Plaintiff

V.

Moser, Patterson, and Sheridan, LLP

Defendant

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

CASE NUMBER: 06 3970 (AET)

I, John M Kelly declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 U.S.C. §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?: ☐ Yes ☒ No (If "No" go to Part 2)
   If "Yes" state the place of your incarceration ______________
   Are you employed at the institution? ______ Do you receive any payment from the institution? ______
   Have the institution fill out the Certificate portion of this affidavit and attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed? ☐ Yes ☒ No
   a. If the answer is "Yes" state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

   b. If the answer is "No" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.
   Moser, Patterson, & Sheridan, LLP
   595 Shrewsbury Avenue
   Shrewsbury, NJ 08079

3. In the past twelve months have you received any money from any of the following sources?
   a. Business, profession or other self-employment ☒ Yes ☐ No
   b. Rent payments, interest or dividends ☐ Yes ☒ No
   c. Pensions, annuities or life insurance payments ☐ Yes ☒ No
   d. Disability or workers compensation payments ☐ Yes ☒ No
   e. Gifts or inheritances ☒ Yes ☐ No
   f. Any other sources ☐ Yes ☒ No

   If the answer to any of the above is "yes" describe each source of money and state the amount received and what you expect you will continue to receive.
   I received $1200 for work from a former client. My girlfriends helps me with living expenses, principly housing.

This form was electronically produced by Elite Federal Forms, Inc.

AO 240 (Rev. 9/96)

4. Do you have any cash or checking or savings accounts? ☑ Yes ☐ No

If "yes" state the total amount. about $200.00

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value? ☑ Yes ☐ No

If "yes" describe the property and state its value.

A 1996 Ford Ranger pick-up. worth about $700.00

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

None. I am suppose to be paying $6400 month in support payments

I declare under penalty of perjury that the above information is true and correct.

8/22/06
DATE

John McKelly
SIGNATURE OF APPLICANT

**NOTICE TO PRISONER:** A Prisoner seeking to proceed IFP shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.